CLARENCE E. McMANUS, Judge.
 

 12AppeIlants, James and Deborah James, file this appeal from the trial court’s grant of Hans Wede’s Motion to Authorize Seizure of Property.
 

 STATEMENT OF THE CASE
 

 On November 22, 2005, Hans Wede filed a Petition to Make a Foreign Judgment Executory in the Fortieth Judicial District Court of St. John the Baptist Parish seeking to have a North Carolina judgment made executory against Niche Marketing USA, LLC, a Louisiana limited liability company, and Rodney C. Whitney, Jr. The North Carolina judgment was for $52,000.00 plus interest of 8% from August 19, 2005 until paid, attorney fees of $7,500.00 and court costs. The trial court signed a judgment on November 22, 2005 making the North Carolina judgment exec-utory in Louisiana. Neither Niche Marketing USA nor Whitney made any payments towards this judgment. Wede’s Louisiana counsel filed the judgment for recordation in the Mortgage and Conveyance Office of the Clerk of Court for St. John the Baptist Parish on December 8, 2005.
 

 At the time the judgment was recorded, Whitney and his wife owned immovable property in LaPlace, Louisiana. The Whitneys then sold that property to Robert and Deborah James on January 31, 2007. The act of sale was recorded in the conveyance records of St. John the Baptist Parish on February 26, 2007. On |sMay 16, 2007, Wede’s counsel sent a letter to the James advising them of the existing judgment against the property they had purchased and recommending that they contact their title insurance company.
 

 Thereafter, Wede’s counsel discovered that the judgment against Whitney had been recorded on December 8, 2005, however, it had been filed in the conveyance records, rather than the mortgage records. Therefore, the judgment was not noted when the Whitneys perfected the sale of the property to the James. The Clerk of Court of St. John the Baptist Parish was advised of the problem and the judgment was correctly filed in the mortgage records.
 

 On June 8, 2007, Eliana Defrancesch, the Clerk of Court for St. John the Baptist Parish, executed an affidavit stating that Instrument # 261091, which was the judgment at issue obtained by Wede against Whitney, was recorded in the conveyance records on December 8, 2005 and was not recorded in the mortgage records until May 3, 2007. The affidavit further provided that at the time of recordation of the judgment on December 8, 2005, there were no instructions provided to the clerk of court as to where the document should be
 
 *147
 
 recorded. The document was ultimately recorded in the conveyance records at the time of filing on December 8, 2005.
 

 On September 7, 2007, Wede filed a Motion to Authorize Seizure of Property against Robert and Deborah James. Wede asserted he was the judgment creditor of Niche Marketing USA and Whitney based on the November 22, 2005 judgment of the Fortieth Judicial District Court, which was recorded in St. John the Baptist Parish, and thus, he had a judicial mortgage on all immovable property owned by Niche Marketing USA and Whitney, including the property sold to the James.
 

 |4In his Motion to Authorize Seizure of Property, Wede argued the clerk of court’s error of recording the judgment in the conveyance records instead of the mortgage records did not impact the validity of the judicial mortgage, and further, the transfer of the property from the Whit-neys to the James didn’t impact the judicial mortgage. Wede argued he is entitled to seize the property pursuant to the judicial mortgage.
 

 The James filed an opposition to Wede’s motion on October 11, 2007 arguing the judgment was recorded in the conveyance records only and not properly recorded in the mortgage records until after the Whit-neys sold the property to the James. Therefore, the James argued Wede’s judgment had no effect on their ownership of the property. The James filed a supplemental opposition on September 9, 2008 explaining the computerized process of filing a document into the mortgage and conveyance records in the clerk of court’s office of St. John the Baptist Parish. The James explained that the error occurred when the choice of “CO” for conveyance records was made in the clerk’s computer, instead of “MO” for mortgage records at the time of filing of the judgment. Since the document had been filed in the conveyance records and not the mortgage records prior to the sale of the property, the James argued Wede had no valid judicial mortgage permitting the seizure of the property they purchased.
 

 An evidentiary hearing was held October 13, 2008 in the trial court. The trial court issued a judgment on November 21, 2008 granting Wede’s motion to authorize seizure of the property. For the reasons which follow, we reverse the trial court’s judgment granting Wede’s motion to authorize seizure of the property.
 

 DISCUSSION
 

 On appeal, the James contend the judgment in favor of Wede and against Whitney was only recorded in the conveyance records and was not recorded in the | .^mortgage records until after they purchased the property from the Whitneys. Therefore, no valid judicial mortgage was effective against the property when it was purchased. The James argue this judgment was not mis-indexed, but rather was mis-recorded only in the conveyance records and not recorded in the mortgage records. Therefore, they contend this judgment is not effective against them as third parties to the judgment.
 

 In opposition to the appeal, Wede argues the judgment was properly recorded in the clerk’s office by his counsel. He contends the clerk’s office then mis-in-dexed the judgment under the conveyance records instead of the mortgage records, but this is not a mis-recording or non-recording of the judgment. Wede argues that since the judgment was properly filed with the clerk of court, the judicial mortgage applies to the property, even after the James purchased the property.
 

 First, we agree in part with Wede and find his judicial mortgage was filed and valid upon delivery to the clerk in the mortgage and conveyance office for filing
 
 *148
 
 in the records. La. C.C. art. 3347 states, in part, “[a]n instrument is filed with a recorder when he accepts it for recordation in his office.” In this case, Wede presented the November 22, 2005 judgment to the St. John the Baptist Clerk of Court’s office for recordation on December 8, 2005. Thus, this instrument, or judgment, was properly filed for the purposes of La. C.C. art. 3347.
 

 However, we also find, based on the testimony and evidence presented, that the judicial mortgage did not attach to the property owned by the Whitneys and purchased by the James, because it was mistakenly filed in the conveyance records and not in the mortgage records. The St. John the Baptist Parish mortgage and conveyance office has a specific system in which instruments are categorized into either the mortgage index or the conveyance index. The Clerk of Court, Eliana IfiDefrancesch, and a deputy clerk, Felicia Feist, testified by deposition that the mortgage and conveyance records were all kept by computer and were no longer maintained in paper books. They further explained that once a document is filed, it goes to a recording clerk and is given an instrument number with a time and date that is placed on the document. A clerk then indexes the document by choosing either “CO” for conveyance or “MO” for mortgage in the computer. The document is then verified and released and then scanned, stamped and released to the public. Defransesch believes that in this case, “CO” was chosen in the computer instead of “MO”. The trial court characterized this as “mis-indexing” as opposed to “mis-re-cording”. We disagree with the trial court’s characterization of this error as “mis-indexing”. We find this judgment was simply not recorded in the mortgage records. It was mistakenly recorded in the conveyance records. The affidavit of De-fransesch provides that the judgment was recorded in the conveyance records on December 8, 2005 but not recorded in the mortgage records until May 3, 2007.
 

 The James purchased the property in question on January 31, 2007 and that act of sale was recorded in the conveyance records on February 26, 2007. At that time, a search of the mortgage records of St. John the Baptist Parish would not have revealed the November 22, 2005 judgment against Whitney. Therefore, we find that, at the time of the sale of the property, the judicial mortgage was not applicable or attached to the property because it was not filed in the mortgage records, but was only filed in the conveyance records.
 

 We do note that Wede’s counsel properly presented the judgment to the clerk’s mortgage and conveyance office for recor-dation. Thereafter, it was mistakenly labeled and placed in the conveyance records due to a clerical error by the clerk’s office. Even though Wede’s counsel properly presented the judgment |7for recording, we must find that the James had no knowledge of the existence of the judicial mortgage since it was only recorded in the conveyance records and not in the mortgage records. Since we find the judgment is not effective as to this property at the time it was sold to the James, Wede is not entitled to seizure of the property pursuant to the judgment.
 

 Therefore, we reverse the trial court’s judgment and find the judicial mortgage in favor of Wede is not applicable to this property. We note that any cause of action by Wede to recover on this judgment is against the St. John the Baptist Clerk of Court’s office.
 

 Accordingly, we reverse the trial court’s judgment granting Wede’s Motion to Authorize Seizure of Property.
 

 REVERSED.